UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEARS ROEBUCK & CO., a New York
Corporation,

        CASE NO. 05-71554
  Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

CEI ROOFING, INC. & CO., d/b/a GENERAL
ROOFING, a Texas Corporation,

  Defendant,

and

BFS DIVERSIFIED PRODUCTS, L.L.C., an
Indiana Corporation,

  Intervening Third Party Plaintiff,

v.

WINCON SERVICES, INC., a Wisconsin
Corporation; SEARS ROEBUCK & CO., a New
York Corporation; and EASTLAND 038
PARTNERS, L.P., a Michigan Limited Partnership,

  Third Party Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 1, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Third Party Defendant Eastland's Rule 12(b)(6) Motion to Dismiss BFS Diversified's Third Party Complaint as to Eastland for failure to state a claim.  Third Party Plaintiff BFS Diversified has responded.  Eastland has replied to the response.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Eastland's Motion to Dismiss is GRANTED.

## II. BACKGROUND

**A. Facts**

BFS Diversified Products (hereinafter, "BFS"), through its operating division, Firestone Building Products Company, manufactures and sells commercial roofing products.  In 2002, Sears Roebuck & Co. (hereinafter, "Sears") hired Wincon Services as its roofing consultant to negotiate with BFS regarding a replacement roof for a Sears store located in Harper Woods, Michigan.  Sears' Harper Woods store is located in the Eastland Shopping Center, which is owned by Eastland 038 Partners (hereinafter, "Eastland").

Following negotiations between Wincon and BFS, BFS contracted with CEI Roofing to provide Firestone roofing products to replace approximately 82,400 square feet of roof at the Sears store.  CEI completed installation of the roof on August 6, 2003.  As is the usual practice for the product supplier in roofing construction projections, BFS issued a ten year limited warranty to Sears which became effective upon the completion of the roof on August 6, 2003.  Pursuant to this

warranty, BFS agreed to repair any leak which was covered by the warranty. To determine whether a leak was covered, the warranty required Sears to notify BFS of any leaks within thirty days so that BFS could investigate the leak and determine its cause. Pursuant to the warranty:

> Should the Investigation reveal that the leak is excluded under the Terms, Conditions, and Limitations, [Sears] is responsible for payments of the Investigation costs . . . . [BFS] will advise [Sears] of the type and/or extent of the repairs required to be made at [Sears'] expense that will permit the Limited Warranty to remain in effect for the unexpired portion of its terms.

In general, the warranty protected against leaks caused by a defective BFS product, and excluded protection for anything unrelated to a BFS product. In addition, the warranty excluded coverage for leaks caused by natural forces, disasters, or Acts of God, and specifically excluded coverage for leaks caused by "winds in excess of 55 MPH."

BFS asserts that on November 12-13, 2003, wind gusts of up to 88 mph tore 29,000 square feet off the 82,400 square feet of roof at the Sears store. BFS further asserts that due to the same high wind gusts,160,000 Detroit Edison customers lost power and numerous trees and power lines were toppled or damaged.

Following the storm and the roof damage, BFS conducted an investigation of the roof pursuant to the terms of the warranty. BFS concluded that the warranty did not cover the damage because (1) the winds exceeded 55 mph, (2) the roof failed due to the failure of the roof's edge metal, a non-BFS product, and (3) the roof failed because of defective portions of the roof substrate, a non-BFS product.

On November 24, 2003, BFS informed Sears of the results of its investigation and that Sears would be required to repair the roof at its own expense pursuant to the terms of the warranty. In order to mitigate any further damages and to prevent water damage to Sears' merchandise, BFS paid

CEI to construct a temporary roof. BFS then directed CEI to remove the temporary roof and replace the roof, and notified Sears that it would be required to pay this expense. The replacement roof was completed in mid-2004 and BFS paid CEI $225,872.71 for the work. BFS invoiced Sears for the work, but Sears refused to pay. During its investigation, BFS learned that Eastland owns the Sears building and now believes that Eastland may also be responsible for the costs of the replacement roof.

**B. Procedural History**

On March 22, 2005, Plaintiff Sears brought a Complaint against Defendant CEI Roofing in Michigan state court asserting $32,568.32 in water damages based on leaks in the CEI-installed roof. CEI removed the action to this court on April 21, 2005. On November 3, 2005, the Court permitted BFS to file a third party Complaint and to intervene as a third party plaintiff. By BFS' third party Complaint, BFS asserted that Defendants Wincon, Sears, and Eastland were responsible for the $225,872.71 cost of the replacement roof. By the present Motion to Dismiss, Defendant Eastland asserts that it should not be held responsible for any damages and that BFS' Complaint should be dismissed with respect to those counts pertaining to Eastland.

### III. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's

factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

## IV.  ANALYSIS

Third Party Plaintiff BFS has asserted three counts against Third Party Defendant Eastland. By the present Motion to Dismiss, Eastland argues that all three of these counts should be dismissed. For the reasons stated below, the Court agrees.

**A. Whether Count II (Unjust Enrichment) should be Dismissed**

By its claim of unjust enrichment, BFS asserts that Eastland, as the owner of the Sears building, was unjustly enriched when BFS built a replacement roof for the Sears store because Eastland inequitably received a benefit from the replacement roof and did not incur any expense in order to obtain the benefit. By its Motion to Dismiss, Eastland argues that BFS' unjust enrichment claim is barred by the existence of an express contract covering the same subject matter. The Court agrees.

A claim of unjust enrichment exists where there is "(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Keywell and Rosenfeld v. Bithell*, 254 Mich. App. 300, 327 (2002) (citation omitted). In such an instance, "'the law sometimes indulges in the fiction of a quasi or constructive contract, with an implied obligation to pay for benefits received' to ensure that 'exact justice' is obtained." *Kammer Asphalt Paving Co., v. East China Tp. Schools*, 443 Mich. 176, 185-86 (1993). "However, a contract will be implied only if there is no express contract covering the same subject

matter." *Keywell*, 254 Mich. App. at 328.

In the present case, Sears contracted with CEI Roofing to construct a roof for its store located at the Eastland Mall. CEI constructed the roof using BFS products, and upon the completion of the roof on August 6, 2003, BFS entered into a Warranty agreement with Sears. By this agreement, BFS agreed to repair any leaks to Sears' roof so long as those leaks were the result of defective BFS products.

The present dispute before the Court is a contractual dispute between BFS, Sears, CEI, and Wincon regarding the construction of a roof and the replacement costs for that roof. Third Party Defendant Eastland was never a party to any contracts on this subject. The Court finds that the subject matter of this dispute is covered by the warranty agreement between BFS and Sears, and accordingly, it is improper for the Court to utilize the unjust enrichment theory to imply a contract as to Eastland in this case. *See Keywell*, 254 Mich. App. at 328 ("[A] contract will be implied only if there is no express contract covering the same subject matter"). For this reason, the Court finds that BFS' claim of unjust enrichment against Third Party Defendant Eastland should be dismissed.

**B. Whether Count III (Negligence) should be Dismissed**

By its claim of negligence, BFS asserts that Eastland negligently failed to properly maintain the Sears rooftop and that this negligence caused monetary damage to BFS. By its Motion to Dismiss, Eastland argues that BFS' proper action is in contract and that its tort action for negligence as to Eastland should be dismissed. The Court agrees.

The Michigan Supreme Court clearly explained the difference between contract and tort remedies in *Corl v. Huron Castings, Inc.*, 544 N.W.2d 278, 281, n.10 (Mich. 1996): "Where the cause of action arises merely from a breach of promise, the action is in contract. The action of tort

has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise." Furthermore, the Court explained, citing *Ferrett v. General Motors Corp.*, 438 Mich. 235, 243 (1991):

> We have simply the violation of a promise to perform the agreement. The only duty, other than that voluntarily assumed in the contract to which the defendant was subject, was his duty to perform his promise in a careful and skillful manner without risk of harm to others, the violation of which is not alleged. *What we are left with is defendant's failure to complete his contracted-for performance. This is not a duty imposed by the law upon all, the violation of which gives rise to a tort action, but a duty arising out of the intentions of the parties themselves and owed only to those specific individuals to whom the promise runs. A tort action will not lie*.

As in *Corl* and *Ferrett*, the present case is a contract dispute. Any duties owed between the parties in this case are duties arising solely from the respective contracts between the parties. Accordingly, a tort action for negligence is not proper. For this reason, BFS' claim of negligence should be dismissed.

**C. Whether Count V (Common Law and Implied Contractual Indemnity) should be Dismissed**

By its claim for common law and implied contractual indemnity, BFS asserts that equity and public policy impose a duty upon Eastland to reimburse and indemnify BFS for the costs of repairing damage to the Sears roof. As the Court explained in the above sections, however, the present dispute is one in contract. Eastland is not a party to any of the roofing contracts and it owes no duties to BFS either in equity or in tort. For these reasons, BFS' claim of common law and implied contractual indemnity should be dismissed.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Eastland's Rule 12(b)(6) Motion to Dismiss. The Court HEREBY DISMISSES Count II (Unjust Enrichment), Count III (Negligence), and Count V (Common Law and Implied Contractual Indemnity) as to Third Party Defendant Eastland.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 1, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290